IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  §<br>  Plaintiff/Respondent,  §<br>  §<br>V.  §<br>  §<br>ALEX ANTONIO BRIONES,  §<br>  Defendant/Movant.  § | CR. No. C-04-199<br>C.A. No. C-05-558 |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Alex Antonio Briones' ("Briones") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 16),[1] which was received by the Clerk on November 14, 2005. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Briones' motion is subject to dismissal because he waived his right to file the claims he raises therein.

For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Briones a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTS AND PROCEEDINGS**

On May 12, 2004, Briones was charged in a single-count indictment with being unlawfully

---

[1] Dockets entries refer to the criminal case, C-04-cr-199.

found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1). On June 25, 2004, he entered a guilty plea pursuant to a written plea agreement. (D.E. 8, 9). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that Briones receive maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. (D.E. 8, 9).

The plea agreement contained a voluntary waiver of Briones' right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 9 at ¶ 7) (emphasis in original).

At Briones' rearraignment, repeated references were made to the waiver. When first discussing the written plea agreements, the Court inquired as to whether the plea agreement contained a waiver of appellate rights and 2255 rights, and was informed that it did. (Digital Recording of Rearraignment ("R. Rec.") at 1:36). Additionally, when the prosecutor summarized the written plea agreement, he expressly noted that: "Each agreement contains a waiver of the Defendant's appellate rights – excuse me, their rights to collaterally attack the sentence or conviction pursuant to Title 18 [sic] of the United States Code, section 2255." (R. Rec. at 1:52). After that summary was given, Briones testified that the summarized agreement was his, that he understood it, and that it was the

entire agreement. (R. Rec. at 1:53). Briones also reviewed the written agreement. He testified that it was his agreement, that it was his signature on the last page, that he had discussed the document completely with his attorney before he signed it, and that the document was read to him entirely in Spanish, prior to him signing it. (R. Rec. at 1:54-1:55).

The Court questioned Briones under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. The Court determined that his waiver of § 2255 rights was knowing:

> **THE COURT:** ... The second right that you're giving up is called a post-conviction remedy or a writ of habeas corpus or a statutory 2255, which is independent of the right to appeal. You would ordinarily be able to come in and try to challenge, to set aside the conviction and/or your sentence by complaining about such matters as constitutionality, jurisdiction, or ineffective – matters of ineffective assistance of counsel. But if you go forward today, you give up those two rights forever. Do you understand that and do you want to go forward? ... Mr. Briones, do you understand?
>
> **THE DEFENDANT:** Yes, I did understand
>
> **THE COURT:** And do you want to go forward with your plea?
>
> **THE DEFENDANT:** Yes.

(R. Rec.. at 1:44-1:45). Briones further testified that no one had forced him to plead guilty or offered him leniency in exchange for his plea, and that his decision to plead guilty was "entirely voluntary." (R. Rec. at 1:53, 2:05-2:06). It is clear from the foregoing that Briones' was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Briones on October 14, 2004, to 70 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $200 fine and a $100 special assessment. (D.E. 14, 15). Judgment of conviction and sentence was entered on

October 26, 2004. (D.E. 15).

Consistent with his waiver of appellate rights, Briones did not appeal. Briones' § 2255 motion was received by the Clerk on November 14, 2005, but was signed on November 4, 2005. (D.E. 16). Assuming that it was delivered to prison officials for mailing on November 4, 2005, and thus deemed filed as of that date,[2] the motion is timely.

### III. MOVANT'S ALLEGATIONS

Briones' motion lists only one ground for relief, although his supporting memorandum describes several distinct claims as part of that one ground. Specifically, Briones claims that he was denied effective assistance of counsel due to a number of errors by his counsel. First, he claims that his counsel failed to file an appeal despite Briones' request that an appeal be taken. Second, he claims that counsel failed to "work to get [Briones] the best sentence." Third, he claims that his counsel failed to object to the 70-month prison sentence as "unreasonable." (D.E. 16 at supplement, pp. 2-3).

As discussed herein, Briones has waived his right to file a § 2255 motion, and all of his grounds fall within the scope of his waiver. Thus, his motion is subject to dismissal.

### IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

4

maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Briones has procedurally defaulted his claims.  Rather, the Court concludes that he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

**B.     Waiver of § 2255 Rights**

It is clear from the rearraignment recording that Briones understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Briones' sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements here clearly support a finding that Briones' wavier was knowing and voluntary.  His claims fall within the scope of that waiver.  Thus, they are not properly before the Court.  See generally Wilkes, supra; White, supra.

For all of the foregoing reasons, Briones' motion is barred by his waiver and is therefore DISMISSED WITH PREJUDICE.

**C.**     **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Briones has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Briones has stated a valid claim for relief, because he

cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Briones is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Briones' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 16) is DISMISSED WITH PREJUDICE. Additionally, Briones is DENIED a Certificate of Appealability.

It is so ORDERED this 23rd day of January, 2006.

_____
Janis Graham Jack
United States District Judge